# No. 24-1098

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

BRITA LP,

*Appellant*,

v.

INTERNATIONAL TRADE COMMISSION,

*Appellee*,

ZERO TECHNOLOGIES, LLC, CULLIGAN INTERNATIONAL CO., VESTERGAARD FRANDSEN INC., d/b/a Lifestraw, KAZ USA, INC., HELEN OF TROY LIMITED,

*Intervenors*.

Appeal from the United States International Trade Commission, Investigation No. 337-TA-1294.

## BRITA LP'S RESPONSE IN OPPOSITION TO APPELLEE'S AND INTERVENORS' MOTION FOR A 60-DAY EXTENSION OF TIME TO FILE RESPONSE BRIEFS

Intervenors acknowledge their requested extension will substantively prejudice Brita but fail to justify that prejudice. Brita seeks an exclusion order from the International Trade Commission to prevent what is now essentially uncontested infringement. Brita's patent will expire in 2026, so every extra week of delay meaningfully reduces the relief Brita can obtain. Yet intervenors seek many, many weeks of delay, 60 days total, and a deadline that is *three months* from now (until

June 24)—a request that would nearly double their time under the rules. The Court should deny that unwarranted delay and grant intervenors and the Commission no more than a 35-day extension, until May 29, which is more than generous under the circumstances.

Nothing intervenors say justifies a longer extension. Intervenors argue more time is needed "due to the limited availability of attorneys representing Intervenors and the need for coordination of a single response brief." Extension Mot. 1. But intervenors have the resources of three different law firms and at least the ten different attorneys who have appeared on their behalf in this Court. Each of those firms and attorneys is already familiar with the issues here from having litigated this case before the Commission. That the intervenors have so many firms and lawyers at their disposal is hardly a reason for more time.

Nor can intervenors justify their requested delay because of Brita's purported "self-imposed delay of these proceedings." Extension Mot. 2. The Commission issued its final determination on September 19, 2023. ECF 1-2 at 1. Under the default schedule imposed by statute and this Court's rules, and with the time this Court needed to docket the appeal, Brita had until March 8 to file its opening brief.[1] Brita filed its appeal brief on March 15, only one week later. ECF 28. Even if that

---

[1] 19 U.S.C. § 1337(c) (notice of appeal due Nov. 20, 2023); Fed. Cir. R. 17(b) (certified list due Jan. 8, 2024, for appeal docketed Nov. 27, 2023); Fed. Cir. R. 31(a) (opening brief due 60 days from Jan. 8).

additional week could be called "self-imposed delay," it is nothing like the 60-day delay intervenors now seek. And intervenors' suggestion that Brita should have expedited its appeal, such as by "fil[ing] its notice of appeal" sooner (Extension Mot. 2) is no reason to allow intervenors to delay these proceedings. Brita *did* file its notice of appeal early but then needed additional time to file its brief so sought 35 additional days, resulting in that net extension of only seven days. ECF 1, 25. Brita thus could reasonably take the position that intervenors should receive no more than a seven-day extension but instead, as a matter of professional courtesy, is not objecting to a 35-day extension.

For these reasons, the Court should grant intervenors and the Commission no more than a 35-day extension, until May 29.

Dated: March 28, 2024　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Deanne E. Maynard

PAUL A. AINSWORTH　　　　　　　　　　DEANNE E. MAYNARD
STERNE KESSLER GOLDSTEIN & FOX PLLC　SETH W. LLOYD
1101 K Street NW, 10th Floor　　　　　　MORRISON & FOERSTER LLP
Washington, DC 20005　　　　　　　　　2100 L Street NW, Suite 900
　　　　　　　　　　　　　　　　　　　　Washington, DC 20037
　　　　　　　　　　　　　　　　　　　　Tel.: (202) 887-8740
　　　　　　　　　　　　　　　　　　　　DMaynard@mofo.com

*Counsel for Brita LP*

# CERTIFICATE OF INTEREST

Counsel for Brita LP certify under Federal Circuit Rule 47.4 that the following information is accurate and complete to the best of their knowledge:

1.      **Represented Entities.** Provide the full names of all entities represented by undersigned counsel in this case.

Brita LP

2.      **Real Parties in Interest.** Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.

None.

3.      **Parent Corporations and Stockholders.** Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

The Clorox Company

4.      **Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court.

STERNE, KESSLER, GOLDSTEIN & FOX, PLLC: Uma Everett, Josephine Kim, Kyle E. Conklin, Deborah Sterling, Lauren Watt, Robert Niemeier, Davin Guinn, Robert Stout, Christopher Gallo, John Christopher Rozendaal, Byron Pickard, Kristina Kelley, Kathleen E. Willis

5.      **Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

Yes, see separately filed notice.

6. **Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).

Not applicable.

Dated: March 28, 2024            /s/ Deanne E. Maynard
                                 Deanne E. Maynard

## CERTIFICATE OF COMPLIANCE

The foregoing filing complies with the relevant type-volume limitations of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it has been prepared using a proportionally spaced typeface and includes 473 words, excluding the parts exempted by the Rules.

Dated: March 28, 2024 /s/ Deanne E. Maynard

ny-2708931